L. F. CRUTCHER, Appellant, v. EASTERN DIVISION, No. 321, OF THE ORDER OF RAILWAY CONDUCTORS OF AMERICA et al., Respondents.

Springfield Court of Appeals, December 5, 1910.

1. VOLUNTARY ASSOCIATIONS: Reinstatement by Court: Insurance. Plaintiff by a bill in equity sought reinstatement in the Order of Railway Conductors, from which he had been suspended, his main object being to protect the insurance policy which he carried in said order: The proceedings leading to his expulsion are examined together with the laws of the order, and *held*, that the president and the local division acted within their jurisdiction in expelling the plaintiff, and he, having neglected to take an appeal to the Grand Division as was his right, is bound by their action.

2. ————: Internal Affairs: Property Rights: Jurisdiction: Remedy Within an Association. The courts will not undertake to regulate the internal affairs of voluntary associations. It is only when property rights are involved that the court takes jurisdiction at all, and will then only pass upon questions affecting the internal affairs of the association in so far as it becomes necessary to protect the property rights directly involved, and if it shall appear that the party has a complete remedy within the society as provided by its laws, either by appeal or otherwise, the courts will not undertake to adjudicate those matters until he has exhausted his remedies within the association.

Crutcher v. Order of Railway Conductors.

3. ————: **Wrongful Suspension of Member: Reinstatement by Court: Property Rights: Insurance.** If the holder of an insurance policy in a voluntary association of which he is a member, is suspended from the association through the wrongful acts of its officers, acting without jurisdiction, so that their action is void and of no effect, then in law he would still be a member of the order, and by tendering his dues and assessments to the proper officer, he could keep his insurance policy alive indefinitely, so it would not be necessary for him to go into court to force reinstatement in the order so as to protect his property rights.

4. **EQUITY: Appellate Practice.** In an action in equity the appellate court, while deferring to the judgment of the trial court, who saw and heard the witnesses, will examine the testimony and if the judgment below is incorrect will order such judgment as the evidence warrants.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Harry Timmonds, Hamlin & Seawell* for appellant.

(1) Injunction is the proper remedy. Alberts v. Merchants' Exchange, 39 Mo. App. 583; Otto v. Journeyman Tailors, 7 Am. St. Rep. 166. (2) When property rights of members are involved, the courts will look into the regularity of the proceedings under which such association acts, and will pass upon the reasonableness of a by-law providing for expulsion. Brickett v. Wells, 117 Mo. 502; 5 Am. and Eng. Ency. Law, 688; Mulroy v. Supreme Lodge, 28 Mo. App. 463; Swaine v. Miller, 76 Mo. App. 446; Farmer v. Board of Trade, 78 Mo. App. 564; Railroad v. Cudahy, 49 L. R. A. 353. (3) The action of the president in declaring the proceedings void was an arbitrary power and had the effect of depriving the plaintiff of his property rights without notice or hearing, and is unreasonable, and therefore void. Wachtel v. Widows, etc., Society,

84 N. Y. 28; Loubert v. Leroy, 40 Hun. (N. Y.) 546; State ex rel. v. Association, 42 Mo. App. 485; Slater v. Supreme Lodge, 76 Mo. App. 387; People v. Fire Dept., 31 Mich. 458; Supreme Lodge v. Zuhlke, 21 N. E. 789; Fritz v. Muck, 62 Howard Prac. 69. (4) Even though the court should hold that the president had authority to declare the meeting void, yet he could only exercise said authority honestly, without fraud, bias, or personal hostility. Lambert v. Addison, 46 Law Times 20.

*J. H. Trewin, E. C. McAfee* and *W. D. Tatlow* for respondent.

(1) The courts will acquire no jurisdiction until plaintiff shows that he has exhausted the remedies provided by the laws of the order. Mead v. Sterling, 62 Conn. 586, 23 L. R. A. 227; McGuinness v. Court Elm, 78 Conn. 43. (2) The courts will not interfere with the administration of the internal affairs of the order, when no property rights are directly involved. Wellenvess v. Grand Lodge, 40 L. R. A. 488. (3) The property interest that must exist in any case to give the courts jurisdiction of matters pertaining to fraternal organizations, must be a direct property interest sought to be protected by the proceeding itself, and not one entirely incidental and collateral to the real object of the suit. This distinction is made in a number of cases and denied by none so far as we know. Lawson v. Hewell, 118 Cal. 613, 49 L. R. A. 400.

COX, J.—This action was brought in the circuit court of Greene county, and, on change of venue, sent to Barton county. The action is one by injunction by which plaintiff seeks to enjoin the defendant, Easter Division No. 321, Order of Railway Conductors, and its officers, from refusing plaintiff admission to the

halls occupied by the lodge and from interfering with his rights and privileges as a member of said Division.

The Easter Division No. 321, O. R. C., is a local society in a secret order known as the Order of Railway Conductors of America, and plaintiff claims to be a member of said local division, No. 321. The Order of Railway Conductors has connected with it an insurance feature and plaintiff holds a policy issued by it. This insurance department is incorporated under the laws of the state of Iowa and has its headquarters at Cedar Rapids, Iowa. It issues a policy to its members by which it agrees to pay, under certain conditions, certain benefits to the holder of the policy, and on the death of the policy holder, to the beneficiary named therein, a sum of money therein specified. The policy held by plaintiff was for two thousand dollars, and it is conceded that the policy would become void in case he should cease to be a member of the order by whose authority the policy was issued. The supreme authority of the lodge is vested in what is known as a Grand Division, and its headquarters were at Cedar Rapids, Iowa. The subordinate lodges are known as divisions and are given numbers, the one made defendant in this case being No. 321.

The facts out of which this litigation grew may be briefly stated as follows: The plaintiff was a member of division No. 30, O. R. C. On December 29, 1906, the charter of division No. 30 was arrested by the president of the grand division. Under the laws of the order, upon the charter of division No. 30 being arrested, all the members in good standing of division No. 30 at that time became and were members of the grand division, and remained so until the end of the year following the year in which the charter was arrested, unless within that time they had become members of another local division. If they failed to become mem-

bers of a local division before the expiration of that time their membership in the order ceased. To become a member of a local division it was necessary to secure a transfer card from the grand division, and upon presentation of this card to the local division named therein, such local division was authorized to receive the party holding the card as a member, but in order to receive him as a member his application should be voted upon, and it required a majority vote of the members of the local division present to admit him. Plaintiff secured such a card and presented it to defendant lodge No. 321, Springfield, Missouri, and on May 10, 1909, at a regular meeting of said local division his application was voted upon and a majority voted in favor of receiving him as a member. At this meeting plaintiff and some others were admitted to the meeting prior to the time of balloting upon the application of plaintiff for membership therein, and remained in the meeting while the ballot was being taken, and were in possession of the semi-annual password of the lodge, having obtained said password in some way which it was claimed by respondents was not the way provided and practiced by the order. By reason of the fact that this plaintiff and other parties were permitted to be present at this meeting of the lodge without having received a semi-annual password in the regular way, the president of the order, on June 29, 1910, after having been informed of the facts in the case, wrote a letter to the chief conductor and secretary of division No. 321, and also addressed a letter to plaintiff which was received by plaintiff in due course, notifying the officers of the lodge and the plaintiff that the proceedings of the meeting of May 10, 1909, were illegal and void by reason of the presence of unauthorized persons in the lodge room during the meeting. Shortly thereafter charges were lodged against plaintiff in local division No. 151, located at Monett, Missouri, and a dis-

pensation was granted by the president of the order, authorizing that division to try this plaintiff on the charges preferred. Date of the trial was fixed for July 26, 1909, plaintiff was served with a notice, accompanied by a copy of the charges against him, upon July 9, 1909. This notice and charges plaintiff ignored and did not attend the Monett lodge on the date fixed to make a defense to the charges against him. Under the rules of the order. a member, when summoned to be tried upon a charge which, if found to be true, would result in his expulsion, and who fails to appear to answer to the charge, may be expelled for contempt, and, on the failure of plaintiff to appear, the Monett lodge made the order expelling him for contempt in failing to appear. But on July 23, 1909, three days before the date set for the trial of plaintiff in the lodge at Monett, he filed his petition in this action. After the trial at Monett the officers of defendant lodge No. 321 refused to admit plaintiff to its lodge room, and refused to accept dues from him or recognize him as a member. The mutual benefit department which had issued the insurance policy to plaintiff also refused to accept dues and notified plaintiff that under the laws of the order his policy would expire at noon on January 26, 1910. The law referred to provided that the policy of a member who should be expelled from the order and should not be reinstated within six months, or file with the president an appeal from the decision of expulsion, should become void. Any member expelled had the right of appeal to the president, and in this connection we might add also that in cases other than expulsion any member had the right of appeal from the action of the president to the grand division.

The case was tried, and at the close of the testimony the court found for the defendant and dismissed the plaintiff's bill, and plaintiff has appealed. This being an action in equity this court, while deferring to

the judgment of the trial court who saw and heard the witnesses, will examine the testimony, and if the judgment below is incorrect, will order such judgment as the evidence warrants.

It will be seen from the statement of facts above set out that plaintiff seeks the relief asked in this case in order to protect his policy of insurance, and the questions for our determination are whether, on the facts proven, he is entitled to the relief, and whether he has proceeded in the right way to secure the relief. Plaintiff's contention is that he was duly elected a member of local division No. 321 on May 10, 1909, and this being true, local division No. 151, located at Monett, Missouri, could acquire no jurisdiction to try him, and, hence, the proceedings of that lodge by which he was expelled from the order were null and void. If it be true, as claimed by plaintiff, that he was made a member of local division No. 321, on May 10, 1909, then his conclusion that the Monett lodge was without jurisdiction to try him is well taken, for the laws of the order provide that a member must be tried in the division of which he is a member. There is a provision, however, that when the charter of a local division shall be arrested the president of the order may grant a dispensation to another local division to try one who was a member of the division whose charter had been arrested, and it was under authority of that provision that the Monett lodge was directed to try this plaintiff, so that this controversy, so far as the validity of plaintiff's expulsion and his standing as a member of local division No. 321 is concerned, rests upon the validity of the action of the president of the order in declaring the proceedings of local division No. 321 on May 10, 1909, void. If the president had authority to annul these proceedings then the plaintiff was properly expelled by the Monett lodge. If the president did not have such authority then the expulsion was void and

plaintiff remained, and still remains, a member of local division No. 321. In the laws of the order defining the duties of the president we find it provides that it is his duty to see that the laws of the order are strictly observed, and under the head of "President's Privileges" we find the following. "He may convene any division at any time, preside therein, inspect its work, correct its errors, and require conformity to the regulations of the order." The evidence at the trial showed that for a great many years it had been the practice for the president of the order to interpret its laws, and the president in this instance interpreted the law which we have quoted to mean that he had authority to annul the proceedings of a local division in case, in his judgment the proceedings were unlawful, and that he could do this without attending the local division in person. The contention of plaintiff in this case is that he could only correct the errors of a local division when present at a meeting of the division. We think it clear that the law defining the president's privileges, giving him power to correct the errors of a local division, gave him the power to order expunged from the record the record of proceedings that were not in conformity to the laws of the order. Being invested with this power, the question whether or not it should be exercised at an open meeting of a local division, or could be otherwise exercised was a question going to the regularity of his proceedings and not to his authority to act, and when the local division accepted his decision in the matter and acted upon it his decision then affected the plaintiff in a way which gave him the right to appeal from the action of the president in that particular to the grand division, and if the president's action in that particular was wrong, the plaintiff, by this right of appeal, had a remedy within the order to correct the president's mistake; but the plaintiff did not see fit to avail himself of this privilege as a mem-

ber of the order to appeal from the decision of the president, but instead brought this suit and asks the court to compel division No. 321 to ignore the president's order and recognize him as a member of that division.

The courts will not undertake to regulate the internal affairs of voluntary associations. It is only when property rights are involved that the courts take jurisdiction at all, and in the exercise of that jurisdiction will only pass upon questions affecting the internal affairs of the association in so far as it becomes necessary to protect the property rights directly involved, and if it shall appear that the party has a complete remedy within the society as provided by its laws, either by appeal or otherwise, the courts will not undertake to adjudicate those matters until he has exhausted his remedy within the association. [Mulroy v. Knights of Honor, 28 Mo. App. 463; Mead v. Sterling, 62 Conn. 586, 23 L. R. A. 227; McAlees v. Supreme Sitting Order of the Iron Hall (Pa.), 13 Atl. 755.]

In this case the property rights of the plaintiff were not directly involved. If the president's action in annulling the proceedings of division No. 321 were wrong, plaintiff was not, by said action, deprived of his policy or any property rights therein. If the president was acting without jurisdiction so that his action and the action of the lodge following it in refusing to recognize plaintiff as a member were entirely void and of no effect, then plaintiff was, and still is, a member of local division No. 321, and all he would have to do to protect his rights in his insurance policy would be to tender his dues to the local division and offer to pay any assessments that might be made by the insurance department. Had he done this his policy could have been kept alive indefinitely, and it was not necessary for him to go into court to force local division No. 321 to permit him to participate in the lodge meetings and

to formerly recognize him as a member in order to protect his rights under his policy. We hold, however, that the president did have jurisdiction to declare the proceedings of May 10, 1909, void, and the question as to whether he exercised that jurisdiction in a regular or irregular way could have been finally settled by an appeal by plaintiff to the grand division. Having neglected to take an appeal he is bound by the action of the president, and the local division No. 321, and his cause of action must fail.

The judgment is for the right party and will be affirmed. All concur.