ELMER D. DELOISTED, APPELLEE, V. EMMITT H. HILSON ET AL., APPELLANTS.

FILED MARCH 6, 1931. No. 27569.

W. H. Hatteroth, for appellants.

Webb, Kelley & Lewis, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff brings this suit on behalf of himself and seventeen other persons against the pastor and members

of the official board of the Salem Baptist Church, to enjoin them from interfering with their membership rights in the use of the church property and records, attending church and exercising their rights as members of such church. The trial court entered a decree in favor of the plaintiffs.

The plaintiff and his associates were excluded from the membership of the church and by this suit they seek to nullify the action of expulsion. The rule is that the only grounds upon which civil courts interfere with ecclesiastical cases are for the protection of civil or property rights. The courts will not review the judgment or acts of a religious organization with reference to its internal affairs for the purpose of ascertaining their regularity or accordance with the discipline or usages of such organization. This rule is supported by the overwhelming weight of authority. Our court has so held in the following cases: *Pounder v. Ashe,* 44 Neb. 672; *Powers v. Budy,* 45 Neb. 208; *Wehmer v. Fokenga,* 57 Neb. 510; *Bonacum v. Harrington,* 65 Neb. 831; *Bonacum v. Murphy,* 71 Neb. 487; *St. Vincent's Parish v. Murphy,* 83 Neb. 630; *Rogers v. Tangier Temple,* 112 Neb. 166. In the latter case this court held that the individual member of a voluntary, unincorporated association has no severable right in the property of said association. The appellee relies upon the case of *Jones v. State,* 28 Neb. 495. That case is distinguished in *Rogers v. Tangier Temple,* 112 Neb. 166, and was distinguished on the ground that in that case the court inquired into the validity of expulsion from church membership to protect the civil rights of the defendant. In this case the plaintiffs were expelled from membership in the Salem Baptist Church, a voluntary, unincorporated association. There are no civil or property rights involved and the case is controlled by *Rogers v. Tangier Temple,* 112 Neb. 166.

The court, after a careful consideration of the evidence in this case and the law applicable thereto, has reached the conclusion that the plaintiff is not entitled to a decree restoring him to the privileges of membership and the judgment of the trial court is accordingly

REVERSED.