JOSEPH P. WEYRENS, APPELLANT, V. SCOTTS BLUFF COUNTY MEDICAL SOCIETY ET AL., APPELLEES.

277 N. W. 378

FILED JANUARY 21, 1938. No. 30165.

*Morrow & Morrow,* for appellant.

*Mothersead & York* and *Howarth N. Olsen, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and MUNDAY, District Judge.

GOSS, C. J.

This was a suit in equity against Scotts Bluff County Medical Society and its officers, seeking a decree that the action of the society purporting to terminate the membership of plaintiff therein was void and enjoining the society from depriving him of his rights as a member in good standing. After trial, the decree found for defendants, dismissed the petition with prejudice and dissolved the restraining order. Plaintiff appealed.

Plaintiff is a physician and for about 10 years, ever since he settled in Scottsbluff, had been a member of the county medical society. This society was a voluntary association of physicians, organized under the auspices of the Nebraska State Medical Association, which, in turn, was a part of the American Medical Association; that is, it united with similar organizations in other states and territories to form the American Medical Association. Plaintiff comlained, and the evidence tended to show, that he had been expelled from the Scotts Bluff County Medical Society. Plaintiff had been on the staff of the West Nebraska Methodist Hospital and, inasmuch as the rules of that hospital permitted only members of the county medical

society to be on its staff, he was dropped from that staff as a result of being expelled from the county medical society. That is one of only two hospitals at Scottsbluff, the other, plaintiff complains, being small and not having facilities or equipment permitting the treatment of certain surgical cases in which he has considerable practice, and thus he was limited in his facilities for hospitalization of such cases. The hospital in question was not a party to the suit.

The evidence shows that the difficulty arose over fees for the care of relief patients. The doctors of the county had been caring for such patients at a rate of about 50 per cent. of the usual charges for others, but this arrangement was terminated early in August, 1935, by a resolution of the county medical society, adopted by a vote of 15 to 4. The resolution declared that it would be considered a breach of professional ethics for any member of the society to deal individually with county or state units on the subject. Plaintiff was one of those who opposed the resolution and later he carried out his opposition by contacting official parties in charge of such patients and caring for them on such a reduced basis. He was notified that he had violated the rule adopted in August, 1935, was present at a meeting when the matter was considered and where, as a result of his conduct, he was expelled from membership in the county society. One of his complaints was that he was not given a trial. As such matters usually go in such organizations, he had all the trial then asked for or that was necessary. He was present. He had admitted the infraction of the rule adopted and had argued against applying it. Any other or further trial would be futile and was unnecessary in the circumstances.

The Scotts Bluff County Medical Society was a component part of the Nebraska State Medical Association. The printed constitution and by-laws of that association were introduced in evidence. Section 6, chapter XV, of the by-laws, says: "Any physician who may feel aggrieved by the action of his society * * * in refusing him member-

ship, or in suspending or expelling him, shall have the right of appeal to the councilor of his district, and finally to the council of the association."

Also, the county society had a constitution and by-laws, which were introduced in evidence. These by-laws provided that a member could be censured, suspended or expelled on investigation of charges, trial and conviction. It further provides that a member expelled for any cause should be eligible for membership after one year from the date of expulsion on the same terms and in the same manner as original applicants. Plaintiff never asked for any rehearing and never appealed, but brought this suit in equity instead, seeking to enjoin the county society and its officers from preventing him from continuing as a member of the county society with all its privileges.

There are two reasons why plaintiff cannot be restored by a court of equity to his position as a member of the local society.

*First.* He has not exhausted his remedies by appealing from the order of expulsion. When he became a member of this voluntary, unincorporated society, he assented to the rules governing the society. Before he can have recourse to the court for his expulsion, he is bound by the reasonable and uniform rules of that society, provided they do not contravene the laws of the land or offend public policy. These rules governing members stand that test.

"It is a general rule of equity that, when a member of a voluntary, unincorporated association is aggrieved or feels injured by any action taken by the officers or committees of the association, within the scope of their authority and pertaining to its affairs, and where the laws and rules of the association provide a means of redress, he should first exhaust the remedies provided by the laws and rules of the association before applying to the civil courts." *Crisler v. Crum,* 115 Neb. 375, 213 N. W. 366.

*Second.* No civil or property right of plaintiff has been invaded by the disciplinary action of defendant society. It is true he alleges and claims that his ability to increase his

income has been reduced by being dropped from the staff of the West Nebraska Methodist Hospital. That hospital is not a party, but the evidence shows that one of its rules required the members of its staff and physicians serving patients within the hospital to belong to the county society. Plaintiff knew this rule and took the consequences when he knowingly and deliberately violated the rule set up by the county society. If the hospital chooses it may change its rule. As it now stands, this rule of the hospital results in inconvenience and some loss of income to plaintiff, but this cannot be attributed to the county society as a deprivation of a property right of plaintiff.

The applicable rule is laid down by this court in these words: "A court of equity will not inquire into the regularity or validity of disciplinary proceedings by a voluntary, unincorporated association, not organized for profit, against one of its members, when no civil or property right of such member will be affected." *Rogers v. Tangier Temple*, 112 Neb. 166, 198 N. W. 873. For the same principle see, also, *Deloisted v. Hilson*, 120 Neb. 788, 235 N. W. 340, and cases cited therein.

The judgment of the district court is

AFFIRMED.