DAVID SIGNOR AND CAROLYN SIGNOR, APPELLANTS, V. NATIONAL TRANSPORTATION, INC., A NEBRASKA CORPORATION, AND LANNY N. FAUSS, APPELLEES.

351 N.W.2d 58

Filed June 22, 1984. No. 83-419.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellants.

Jeffrey D. Toberer of Kennedy, Holland, DeLacy & Svoboda, for appellees.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This was an action for breach of contract. The plaintiffs have appealed from an order of the district court which sustained the defendants' motion for summary judgment and dismissed the plaintiffs' petition. Plaintiffs set forth six assignments of error, but they may be condensed into the one claim that the court erred in concluding that there was no genuine issue of material fact.

Because David Signor was the only active participant in the transactions leading up to this lawsuit, and apparently Carolyn Signor was made a party because, as David's wife, she signed one security agreement, we will refer to David Signor as the plaintiff throughout this opinion. Also, as Cargo Leasing Corporation, an original defendant, has been merged into National Transportation, and plaintiff has conceded that Lanny N. Fauss at all times acted purely in a representative capacity as president and agent of National, we will refer to National as the defendant.

Plaintiff alleged in his petition that on or about March 13, 1974, he entered into both written and oral contracts with the defendant, National, whereby the plaintiff bought a 1974 Diamond Reo truck tractor with the credit assistance of National, and the defendant agreed to lease the truck tractor from the plaintiff and employ him as the driver for a specified sum per mile of travel.

During the month of August 1974, certain problems arose in the relationship of the parties. The plaintiff claimed that the defendant neglected to furnish him

with the opportunity to do as much hauling as he felt he should have, and the defendant claimed that the plaintiff refused to accept the runs offered. In any event, on August 30, 1974, the defendant, by self-help, took possession of the truck tractor, claiming that the plaintiff had breached the hauling and security contract.

The plaintiff filed this action for breach of contract on August 24, 1979. Both parties seem to agree that defendant's motion for summary judgment was sustained by the trial court on the basis of the statute of limitations.

Although the plaintiff alleged four different grounds in support of his claim for breach of contract, he apparently is relying upon but one; i.e., the defendant, by taking possession of the plaintiff's truck tractor on August 30, without authority and over the protestations of the plaintiff, effectively and wrongfully prevented the continuation of the written contract. Because this was a suit on a written instrument, the statute of limitations is 5 years. Neb. Rev. Stat. § 25-205 (Reissue 1979). This being the case, the petition here was filed in time.

The defendant set forth as a defense that the plaintiff himself breached the contract and cannot recover. This, of course, is a question of fact which, together with plaintiff's claim that the repossession of the truck tractor was without justification, must be decided on a trial on the merits.

Summary judgment may be properly granted where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to a judgment as a matter of law. *Cillessen Constr. v. Scotts Bluff Co. Hous. Auth.*, *ante* p. 39, 348 N.W.2d 418 (1984). That has not been established in this case, and the judgment of the district court must be reversed and the cause remanded for

further proceedings consistent with this opinion.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.

KRIVOSHA, C.J., participating on briefs.