BILL STRAUB, APPELLANT, V. AMERICAN BOWLING CONGRESS, AN ILLINOIS CORPORATION, ET AL., APPELLEES.

353 N.W.2d 11

Filed August 3, 1984. No. 83-885.

John Tavlin, for appellant.

Thomas M. Haase of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., and K. Thor Lundgren of Michael, Best and Friedrich, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The plaintiff, Bill Straub, appeals from an order of the trial court granting summary judgment in favor of the defendants.

Straub brought this action against the American Bowling Congress (ABC), the Lincoln Bowling Association (LBA), and Rodger Florom, seeking equitable relief and special and general damages. Straub alleged that as a result of breach of contract and fraud and negligence on the part of the defendants, the defendants failed to recognize certain of Straub's bowling achievements.

The ABC is an Illinois corporation with its offices located in Milwaukee, Wisconsin. It is a nonprofit, nonstock, voluntary membership organization which establishes uniform rules and standards for competitive bowling. Membership is open to all male bowlers. The LBA is a local bowling association affiliated

with the ABC. Rodger Florom is the secretary-treasurer of the LBA.

Members of the ABC agree, upon becoming members, to be bound by the ABC rules and to grant jurisdiction over all bowling disputes to the ABC. A member bowling in an ABC-sanctioned league becomes eligible for ABC recognition of certain high scores if that score was achieved under conditions which are in conformity with ABC rules.

On November 16, 1979, Straub, an ABC member, was bowling in an ABC-sanctioned league at the Plaza Bowl in Lincoln, Nebraska. Straub bowled a three-game score of 836, including one 300 game, which scores entitled him to ABC recognition. ABC rules require an inspection of the lanes by the local affiliate before a high score will be recognized. This inspection was conducted on November 16, 1979, by Rodger Florom, the secretary-treasurer of the LBA.

The purpose of the inspection was to insure that if lane dressing had been applied to the lanes, its distribution on the surface of the lanes complied with the requirements specified in the constitution of the ABC. The inspection made involved visual observation of the lanes, a smear test, and a tactile test of the surface of the lanes. Florom also used a machine called a lane analyzer and recorded the readings from this machine on graphs. The report of the inspection by Florom, which was forwarded to the ABC, concluded that lane dressing had not been applied to the lanes used by Straub in conformity with article 7, § 3, of the ABC constitution.

Recognition of Straub's score was administratively denied by the ABC. Straub requested a review of that denial by the ABC's high score and awards review committee. That committee considered Florom's report and information submitted by Straub. The committee denied the request for high score recognition because the lane had not been dressed as required by the ABC constitution. Straub then brought this action.

Following a hearing on motions for summary judgment filed by Straub and each of the defendants, the trial court granted summary judgment in favor of the defendants and overruled Straub's motion. Straub has appealed.

Summary judgment may be properly granted where there

exists no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *Signor v. National Transp., Inc.,* 217 Neb. 667, 351 N.W.2d 58 (1984).

Straub alleges that the defendants breached the contract which they had with him as a member of the ABC. The management and internal affairs of a voluntary association are governed by its constitution and bylaws, which constitute a contract between the members of the association. While courts generally do not interfere with the internal affairs of a voluntary association, an action may be maintained for breach of contract if it can be shown that defendants violated the contractual terms of membership. *Attoe v. Madison Pro. Policemen's Asso.*, 79 Wis. 2d 199, 255 N.W.2d 489 (1977). The record shows that Straub agreed to submit to the rules of the ABC which govern high score recognition and to submit any appeal to the awards review committee. The record demonstrates that the ABC requirements governing lane inspection and appeal procedure were met. Summary judgment was properly granted in favor of the defendants as to the cause of action alleging breach of contract.

We likewise conclude that summary judgment was properly granted as to the other causes of action, as our review of the decision of the ABC tribunal, which tribunal was the proper forum by contract, is extremely limited.

Generally, courts will not interfere with the internal affairs of an association such as the ABC to settle disputes between members or with regard to discipline or internal government, provided that the government of the society is administered fairly and in conformity with its laws and other applicable law and no property or civil rights have been violated. *Charles O. Finley & Co. Inc. v. Kuhn*, 569 F.2d 527 (1978), *cert. denied* 439 U.S. 876, 99 S. Ct. 214, 58 L. Ed. 2d 190; *Adams v. American Quarter Horse Ass'n*, 583 S.W.2d 828 (Tex. Civ. App. 1979). A decision of the governing body of the association is binding and generally not subject to collateral attack in the courts. See, *James v MCAHS*, 107 Mich. App. 1, 308 N.W.2d 688 (1981); 7 C.J.S. *Associations* § 8 (1980). The power of the courts to

review the quasi-judicial actions of voluntary associations is extremely limited. The court can only determine whether there are inconsistencies between an association's rules and the action taken; whether the member has been treated unfairly in the proceedings; whether the association's actions were prompted by fraud, malice, or collusion; and whether the association's rules contravene public policy or law. *State ex rel. National Jr. Col. Ath. Ass'n v. Luten*, 492 S.W.2d 404 (Mo. App. 1973); *Barnhorst v. Mo. State High Sch. Activities Ass'n*, 504 F. Supp. 449 (W.D. Mo. 1980).

While the petition alludes only vaguely to the proper bases for judicial review, we have examined the record in the light of those particulars.

The record does not disclose any inconsistency between the action taken by the committee and the rules governing the ABC, nor does the record show that Straub was treated unfairly during the proceedings. The record shows that the lane was examined shortly after Straub bowled his scores and that that investigation was carried out using the ABC approved equipment and methods. The actions taken by the ABC were in conformity with the rules regarding lane dressing and those concerning internal review. Likewise, the record shows that Straub was given notice of all proceedings and was given the opportunity to provide information for review by the committee.

No claim was made that the ABC rules contravene public policy or the law, nor is there evidence to support such a claim.

The final basis for an action is whether there was fraud or malice on the part of the association in its actions. The only evidence on this point is a statement made by Rodger Florom to a Steve Hudson to the effect that Florom would use his position in the LBA to prevent any bowler from surpassing a recognized 813 score bowled by Florom. Florom claimed the statement was meant as a joke. This evidence was not sufficient to create a question of fact with regard to whether the ABC acted fraudulently with regard to its denial of recognition.

Straub's theory of liability under which he sued the LBA and Florom is unclear from the pleadings. However, we conclude that the ABC had no liability in this matter and that there was

no liability on the part of its affiliate, the LBA and its officer, Florom.

There was no genuine issue as to any material fact and the defendants were entitled to judgment as a matter of law. The judgment of the district court is affirmed.

AFFIRMED.