DAVID ARENDAS, JR., A MINOR, BY AND THROUGH HIS NATURAL GUARDIAN, DAVID
ARENDAS, SR., ET. AL., PLAINTIFFS v. NORTH CAROLINA HIGH SCHOOL
ATHLETIC ASSOCIATION, INC., DEFENDANT

No. COA11-359

(Filed 15 November 2011)

**Declaratory Judgments—reinstatement of high school basketball
championship—standing—proper party—failure to allege
particularized actual loss**

The trial court did not err in a declaratory judgment action
alleging negligence and seeking reinstatement of a high school
basketball championship by granting defendant's motion to dis-
miss based on lack of standing. The high school, and not plaintiff
individuals, was the proper party to bring this action. Plaintiffs
were not members of defendant's association and therefore had
no legally protected interest in the State Championship title.
Further, plaintiffs failed to allege any particularized actual loss.

Appeal by plaintiffs from order entered 1 November 2010 by
Judge William Z. Wood, Jr. in Guilford County Superior Court. Heard
in the Court of Appeals 12 September 2011.

*Pinto Coates Kyre & Brown, PLLC by David L. Brown and Jon
Ward, for plaintiff-appellants.*

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell, for
defendant-appellee.*

CALABRIA, Judge.

Members and coaches of the 2008-2009 men's basketball team at
Northern Guilford High School ("NGHS") (collectively "plaintiffs"),
appeal from an order granting North Carolina High School Athletic
Association, Inc.'s ("defendant" or "defendant association") motion to
dismiss. We affirm.

I. Background

According to the pleadings, the facts are as follows. Plaintiffs
played or coached at NGHS during the 2008-2009 basketball season.
Defendant is a voluntary, non-profit corporation. With the consent
and approval of the North Carolina Department of Public Instruction,
defendant administers the state's interscholastic athletic competi-
tions in conformance with regulations adopted by the State Board of

Education. Defendant publishes its rules and regulations annually in the NCHSAA Handbook ("the Handbook").

In 2009, plaintiffs won the Men's Basketball State Championship for 3A schools ("the Championship"). Subsequent to the victory, Guilford County Schools ("GCS") conducted an investigation into residency issues of student-athletes at NGHS. The investigation revealed that at least two players on the Championship team, James Gant ("Gant") and Asad Lamot ("Lamot"), did not reside in the NGHS residential district during the time they participated on the team. A student's residency determines their eligibility to participate in interscholastic athletics for a public high school. According to the Handbook, the student must be a "resident" of the administrative district in which the school is located. In addition, the Handbook states "[a]ny high school which allows an ineligible student to participate by dressing for and/or participating in an athletic contest shall forfeit all contests in which the student dressed or participated."

In May 2009, after the investigation, GCS informed defendant that ineligible players had participated on the team and forwarded defendant the supporting documentation. After reviewing the documentation, defendant concluded that GCS had sufficient competent evidence to determine at least two NGHS student athletes who participated on the 2008-2009 Championship team were ineligible because they did not live in the Northern Guilford residential district as required. Pursuant to the rules, each student was declared ineligible for participation in interscholastic athletics for 365 days and defendant vacated the Championship.

Plaintiffs filed a complaint on 6 July 2010, alleging negligence and seeking, *inter alia*, a declaratory judgment reinstating the Championship. On 4 August 2010, defendant filed an answer and a motion to dismiss. On 29 September 2010, plaintiffs filed a voluntary dismissal without prejudice of all claims by plaintiffs Gant and Lamot. On 29 September 2010, plaintiffs moved for judgment on the pleadings as to their third claim for relief, reinstatement of the Championship. After a hearing on 6 October 2010, the trial court entered an order on 1 November 2010, concluding that plaintiffs lacked standing and granted defendant's motion to dismiss. Plaintiffs appeal.

## II.  Standing

Plaintiffs argue that the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(1), finding that plaintiffs lacked standing to pursue the action. We disagree.

Standing is a "prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). "It is proper to conduct *de novo* review of a trial court's decision to dismiss a case for lack of standing." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002).

The first element of standing is " 'injury in fact'-an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Marriott v. Chatham Cty.*, 187 N.C. App. 491, 494, 654 S.E.2d 13, 16 (2007). There-fore, a party must have a legally protected interest to satisfy the standing requirements in North Carolina. Without a legally protected interest the judiciary cannot interfere, and without a justiciable controversy, a party cannot maintain standing. *See Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 165, 552 S.E.2d 220, 225 (2001) (citation omitted) (a party has standing when they have "a sufficient stake in an otherwise justiciable controversy that he or she may properly seek adjudication of the matter.").

North Carolina follows the well-established rule "that courts will not interfere with the internal affairs of voluntary associations." *Wilson Realty & Constr., Inc. v. Asheboro-Randolph Bd. of Realtors*, 134 N.C. App. 468, 470, 518 S.E.2d 28, 30 (1999). While the interaction between courts and voluntary associations has been rarely litigated in North Carolina, other jurisdictions have held that a court would provide due process protection when a member's property or civil rights were invaded by the voluntary association. *See Van Valkenburg v. Liberty Lodge No. 300*, 619 N.W.2d 604, 607 (Neb. Ct.App. 2000); *Taite v. Bradley*, 151 So.2d 474, 475 (Fla. Dist. Ct. App. 1963); *Tucker v. Jefferson Cty. Truck Growers' Ass'n*, 487 So.2d 240, 242 (Ala. 1986). Some courts have also recognized interference is appropriate if the voluntary association failed to adhere to its own rules. *See State Ex. Rel. National Jr. Col. Ath. Ass'n v. Luten*, 492 S.W.2d 404, 407 (Mo. Ct. App. 1973); *Van Valkenburg*, 619 N.W.2d at 607. While the judiciary typically only protects member's rights, some courts will also intervene when the rights of a non-member, *i.e.* a student, have been affected by a voluntary athletic association. *See Ind. High School Ath. Ass'n v. Carlberg*, 694 N.E.2d 222, 230 (Ind. 1997); *Revesz v. PA. Interscholastic Athletic*, 798 A.2d 830 (Pa. Commw. Ct. 2002).

In the instant case, there is no justification for judicial intervention on behalf of the plaintiffs. Plaintiffs have neither a legally protected

interest nor a right in the Championship awarded by defendant. The Championship was granted to NGHS by defendant's association. Therefore, when the Championship was revoked, it was the *school* that sustained the loss, not the players. NGHS is a member of defendant's association, but plaintiffs are not. Consequently, plaintiffs do not have a legally protected interest in any award granted by defendant's association to one of its members. As defendant's association Handbook outlined, the *school*, as a member of defendant's association, could have challenged defendant's ruling. However, NGHS did not appeal the decision. Since the school is the only party with a property interest in the Championship, plaintiffs' only recourse was to implore NGHS to act on their behalf to achieve relief from defendant's ruling.

Plaintiffs further contend that defendant failed to comply with its own rules in revoking the Championship, alleging defendant's actions were arbitrary and capricious. Courts in other jurisdictions that have reviewed challenges to an association's alleged arbitrary and capricious decision have done so on a limited basis. The party seeking review in such cases has been the party actually harmed by the association's decision. *See Ala. High School Athletic Ass'n v. Medders,* 456 So.2d 284, 287 (Ala. 1984) (court found association rule declaring student ineligible to participate was not arbitrary); *Brown ex rel. Brown v. Ass'n,* 125 P.3d 1219, 1225-26 (Okla. 2005)(when student was ejected from a game and suspended from further games court found the associations' actions were not arbitrary and capricious).

In the instant case, plaintiffs allege as a result of defendant's actions they sustained damages for loss of reputation. However, there is nothing in the record actually demonstrating how the revocation of the Championship resulted in a loss of reputation. Forfeiture of the Championship may constitute harm, however, plaintiffs fail to include any particularized and actual injury that has occurred. In North Carolina, the injury in fact must be particularized and actual, not hypothetical or conjectural. *Coker v. DaimlerChrysler Corp.,* 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005). Plaintiffs speculated that the forfeiture of the Championship *could cause* possible harm in the form of lost scholarships, lost job opportunities, and lost college prospects. However, these possibilities were all hypothetical. If a party suffered a particularized, actual loss from the revocation of the Championship, it was the school, NGHS. Therefore, the only party capable of challenging defendant's decision to revoke the Championship is the school. Even if plaintiffs' contention that defend-

EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH v. REYNOLDS CONSTR. CO., INC.

[217 N.C. App. 176 (2011)]

ant failed to follow its rules is correct, since the plaintiffs did not suffer a particularized actual loss, they do not have standing to challenge the defendant's decision on this basis.

### III.  Conclusion

Plaintiffs are not the proper party to bring this action as they were not members of defendant's association and therefore have no legally protected interest in the State Championship title. Without a legally protected interest or right, plaintiffs have no standing to bring this action. In addition, plaintiffs have failed to allege any particularized actual loss that would allow this Court to analyze defendant's decision on the basis of arbitrariness or capriciousness. We affirm.

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.