487 So.2d 240 (1986)
Freeman TUCKER
v.
JEFFERSON COUNTY TRUCK GROWERS' ASSOCIATION.
84-778.
Supreme Court of Alabama.
Decision Announced March 31, 1986.
Opinion Released April 4, 1986.
G.W. Nicholson, Birmingham, for appellant.
Bert P. Taylor, of Smith & Taylor, Birmingham, for appellee.
ADAMS, Justice.
Plaintiff, Freeman Tucker, appeals from the judgment of the Circuit Court of Jefferson County denying injunctive relief *241 against defendant-appellee, Jefferson County Truck Growers' Association (hereinafter the Association). Tucker sought to permanently enjoin the Association from revoking his privilege to sell produce at the Association's Birmingham market facility and sought a declaration that a hearing held by the Association's board of directors that affirmed the revocation of Tucker's selling privileges was violative of the due process guarantees of the Federal and State Constitutions. Tucker also claimed damages for the wrongful revocation of his selling privileges.
The Association was incorporated in Jefferson County on June 18, 1921, as a nonprofit cooperative association of agricultural commodity producers for the purpose of promoting cooperation in the production, processing, distribution, and marketing of agricultural products of its members. In conjunction with these activities, the Association provided space at its Birmingham market for non-members to sell produce and charged a fee for the use of the space provided. Tucker had been provided space at the market to sell his produce for many years.[1] However, Tucker was not a member of the Association and paid at the beginning of each day for the privilege of selling his produce at the market that day.
On December 17, 1984, Tucker was involved in a dispute with a customer concerning the sale of produce. As a result of this dispute, Tucker was informed the next day by the market's manager, Swann, that his selling privilege was being permanently revoked after December 24, 1984, because of violations of the Association's rules and regulations prohibiting "dishonest practices," and the "use of profane, abusive or discourteous language." Swann also informed Tucker that, pursuant to the Association's rules and regulations, Tucker could appeal Swann's decision to the Association's board of directors. Tucker appealed and a hearing was set for December 21, 1984.
Tucker attended the hearing with counsel on the appointed day. Upon arrival, Tucker and his attorney were asked to leave the hearing room while the board considered other business. Without the knowledge of Tucker and his attorney, as they waited outside the hearing room, the board took testimony from a witness to the disputed incident and considered evidence of another incident involving Tucker in 1980. After this testimony, along with other evidence, was received by the board, Tucker and his attorney were called into the hearing room to allow Tucker to plead his case before the board. The board upheld Tucker's suspension, whereupon Tucker filed his complaint in the circuit court, seeking injunctive relief from the board's decision.
The trial court held an evidentiary hearing on Tucker's complaint and on April 2, 1985, entered final judgment in favor of the Association. In its judgment, the trial court stated the following:
Based upon the evidence presented to it, the Court finds that the Defendant is a trucking association incorporated under Sections 2-10-90 et seq., Code of Alabama 1975. Defendant is not a farmer's market authority as authorized under Sections 2-5-1 et seq. Without considering the nature of farmer's market authorities, the Court finds that trucking associations are voluntary associations and as such are not governmental agencies. If the Defendant were a governmental agency, it would be required to afford the Plaintiff due process before expelling him or refusing to allow him to sell his produce on the market. However, as a voluntary association, the Defendant is merely required to follow the procedures set out in its own by-laws, rules or regulations [Wells v. Mobile County Bd. of Realtors, 387 So.2d 140 (Ala.1980)].

*242 The Court finds that the Defendant did give the Plaintiff a hearing although it might not have met the requirements of due process, [that it] was in accordance with the Defendant's rules and regulations and that, therefore, the relief requested by the Plaintiff is due to be denied.
The issue to be decided in this case is whether the trial court erred in denying the injunctive relief requested by Tucker where he was denied a due process hearing by the defendant whose by-laws provided for a hearing. We are of the opinion that the trial court did not err, and we affirm its judgment.
Tucker asserts that he had a property right in a license acquired to sell produce at the market and that this property right could not be suspended or revoked by the Association without his being afforded basic due process guarantees. Understandably, Tucker argues that he was essentially denied a "hearing" in that he had no opportunity to controvert, by cross-examination or explanation, the evidence presented to the board in his absence. Whatever merit we may find in Tucker's contention that the board hearing did not afford him fundamental due process, our initial focus must be directed to whether Tucker had a right to due process guarantees.
We agree with the trial court that the Association was incorporated pursuant to Code 1975, § 2-10-90 through § 2-10-108, and is a private voluntary association rather than an extension of state government. See Code 1975, § 2-5-1 through § 2-5-17. Therefore, the conduct of the Association is not state action. Without state action, the due process clauses of the Federal or State Constitutions have no field of operation, as such.
However, in Alabama, due process protection has been afforded members of private voluntary associations. See, e.g., Dixon v. The Club, 408 So.2d 76 (Ala.1981). As applied to a voluntary association, due process protection is afforded "where a member can show an invasion of a private property right granted him by the Association...." Dixon v. The Club, 408 So.2d at 82.
We find no Dixon property right belonging to Tucker under the facts of this case, and, therefore, the Dixon due process requirement is inapplicable. Tucker has never been a member of the Association, but, rather, was merely granted the opportunity by the Association to sell his goods on Association property on a day-to-day basis upon payment of a fee assessed and collected daily. There was no written lease between Tucker and the Association. In essence, the so-called "property" interest of Tucker was, at most, no more than a daily license to sell produce on Association property, a license that could be revoked at the will of the Association. See Steward v. St. Regis Paper Co., 484 F.Supp. 992 (S.D. Ala.1979).
In addition, Tucker has not proved any of the attributes of property described in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Court in Roth stated:
To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state lawrules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
Board of Regents of State Colleges v. Roth, 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.
*243 The bare fact that Tucker had been allowed to sell his produce at the Association's market for many years is not a sufficient claim of entitlement to give rise to an indefinite continuation of this arrangement as a property right. Because Tucker had no right protected by federal or state law or any Dixon type property interest, there were no due process guarantees to be applied.
We are compelled to point out that we do not necessarily embrace the trial court's reliance upon Wells v. Mobile County Bd. of Realtors, 387 So.2d 140 (Ala.1980), for its finding that the Association is merely required to woodenly follow the procedures mandated by the Association's by-laws, rules, or regulations. However, having decided this case on the principles set out above, it is unnecessary to address the range of circumstances in which due process would apply.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, J., dissents.
JONES, Justice (dissenting).
I dissent because I believe the majority opinion answers the wrong question: Whether Tucker, as a nonmember of a voluntary Association, had the requisite property interest to entitle him to a due process hearing. To be sure, it asks the right question: Whether the trial court erred in refusing to grant Tucker injunctive relief when he was denied a due process hearing by the Defendant, whose by-laws provided for "a hearing." Then, it proceeds to hold that Tucker was not entitled to a hearing because he had no property right in his lease agreement with the Association. But Tucker's right to a hearing under the facts of this case is not dependent upon his "property right" in the lease; rather, the right to a hearing is provided by the Association's own rules. The factual and procedural posture of the case is recognized and accurately set out in the trial court's opinion:
"If the [Association] were a governmental agency, it would be required to afford [Tucker] due process before expelling him or refusing to allow him to sell his produce on the market. However, as a voluntary association, the [Association] is merely required to follow the procedures set out in its own by-laws, rules, or regulations."
Wells v. Mobile County Board of Realtors, 387 So.2d 140 (Ala.1980). For cases from other jurisdictions to the same effect, see Ryan v. Hofstra University, 67 Misc.2d 651, 324 N.Y.S.2d 964 (S.Ct.1971); Hagan v. Osteopathic General Hospital of Rhode Island, 102 R.I. 717, 232 A.2d 596 (1967).
The factual premise of the trial court's decree, contrary to this Court's opinion, is supported by section 22 of the Association's rules and regulations:
"Any person, vendor, lessee or other seller on the market who violates any of these rules and regulations will be subject to immediate expulsion from the market. Any person who has been expelled from the market or had selling privileges revoked shall be barred from the market until reinstated by the Board of Directors. Any person whose privileges have been revoked or who has been expelled by the market manager may appeal from said revocation or expulsion to the Board of Directors. Said appeal must be made in writing within seventy-two hours after the revocation or expulsion and such appeal shall set forth in a concise manner the cause of the revocation or expulsion and the reason for appealing therefrom. The Board of Directors shall fix a time for hearing not less than one day nor more than three days, after the appeal has been filed. After hearing such an appeal, the Board of Directors may affirm the revocation or expulsion, or reinstate the applicant, and the action of the Board of Directors shall be conclusive and final."
*244 This Court's opinion, ignoring the clear, unambiguous terms of the Association's rules, holds that, because Tucker is not a "member" of the Association he has no "protected" property right and thus he is not entitled to a hearing; therefore, it is of no consequence, according to the majority, that Tucker was afforded an unfair hearing. The issue, then, is not whether the Association is legally required to formulate rules to provide a hearing for a nonmember, but whether it is legally required to follow its own rules, which by their express terms provide for such a hearing.
Indeed, it is not the trial judge's stated premise, either factual or legal, with which I disagree; rather, it is his conclusion that the Association "did give [Tucker] a hearing [that] was in accordance with the [Association's] rules and regulations" with which I cannot agree. In the factual context in which this issue arises, this Court need not determine in the abstract every requisite of fundamental due process. Given that one has the right to a hearing, as provided by the Association's by-laws, however, I would hold, at the very least, that this right to a hearing necessarily means the right to a fair hearing.
When the Association's board of directors excused Tucker and his lawyer from the "hearing," whether through trickery, artifice, or otherwise, and then proceeded to "hear" Tucker's appeal in his absence by interrogating a material witness, the board violated one of the most fundamental tenets of fairness and thus effectively denied Tucker a hearing. If Tucker's right to a hearing means anything, it means that he had the right to be present at every phase of the hearing; and the exercise of this right was at the option of Tucker and not at the whim of the board.
NOTES
[1] Although Tucker had sold produce at the Jefferson County Truck Growers' Association market for approximately 40 years. Tucker sold produce at another location between 1981 and 1984.