This appeal is from a summary judgment for the defendants in an action challenging the plaintiff's expulsion from membership in the Montgomery County Farm Bureau ("Farm Bureau") and the subsequent refusal by defendant Alfa Mutual Casualty Insurance Company ("Alfa") to renew insurance policies purchased by the plaintiff and his wife from Alfa. The issues are whether summary judgment was appropriate for the defendants on the plaintiff's claim of deprivation of procedural due process and his claim of intentional interference with contractual relations.
As a member of Farm Bureau, Elgin was eligible to and did purchase certain insurance policies from Alfa. On January 18, 1988, Farm Bureau's board of directors ("the Board") held a meeting. During that meeting, a resolution calling for the termination of Elgin's membership was presented. The resolution passed, and Elgin was expelled from Farm Bureau. He then received notice from Alfa that his insurance policies would not be renewed. Elgin instituted this action for money damages and for reinstatement of his membership in Farm Bureau; reinstatement on the Board; reinstatement of all of his insurance policies carried by Alfa; an injunction preventing Farm Bureau, Alfa, or any employees of Farm Bureau or Alfa from attempting to terminate his membership in Farm Bureau or on the Board without due process of law.
Elgin first contends that the trial court erred in entering summary judgment in favor of Farm Bureau and Alfa on his claim that he was expelled from Farm Bureau without due process of law.
Farm Bureau is a private voluntary organization. Therefore, the conduct of Farm Bureau is not state action and "the due process clauses of the Federal or State Constitutions have no field of operation, as such." Tucker v. Jefferson County TruckGrowers' Association, 487 So.2d 240, 242 (Ala. 1986). However, in Alabama, due process protection has been afforded members of private voluntary associations. Id. See also Dixon v. The Club,Inc., 408 So.2d 76 (Ala. 1981). "As applied to a voluntary association, due process protection is afforded 'where a member can show an invasion of a private property right granted him by the Association.' " Tucker, supra, at 242, quotingDixon, supra, at 82. *Page 488 
Elgin contends that he had several property rights in Farm Bureau membership: the ability to purchase insurance from Alfa; a $3,000 accidental death insurance policy; a theft reward service; and other benefits of Farm Bureau membership.
 "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
 "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."
Tucker, supra, at 242, quoting Board of Regents of StateColleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709,33 L.Ed.2d 548 (1972).
The bare fact that Elgin had been a member of Farm Bureau for many years is not a sufficient claim of entitlement to give rise to an indefinite continuation of his membership in Farm Bureau as a property right. See Tucker, supra. Farm Bureau retained in its bylaws the right to terminate any person's membership:
 "[T]his County Farm Bureau, by action of its Board of Directors, reserves the right to decline or terminate the membership of any person or persons, in this Association when it is deemed in the interest of the membership as a whole."
There are no limits in the bylaws on the Board's discretion in "deem[ing] it in the interest of the membership as a whole" that a person's membership be terminated, so there is no legitimate claim of entitlement to continued membership in view of a vote by the Board to terminate that membership. We hold, therefore, that the trial court did not err in holding that Elgin was not deprived of procedural due process.
Elgin next contends that the trial court erred in entering summary judgment in favor of Farm Bureau and Alfa on the claim of intentional interference with contractual relations.
Elgin contends that two contractual relations existed and were interfered with. The first was his relationship with Farm Bureau, which, he alleges, was interfered with by Alfa. The second was his relationship with Alfa, which, he asserts, was interfered with by Farm Bureau.
To recover on a claim of intentional interference with business or contractual relations, a plaintiff must prove five elements: (1) The existence of a contract or a business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of the defendant's interference. Finley v. Beverly Enterprises, Inc.,499 So.2d 1366 (Ala. 1986); Lowder Realty, Inc. v. Odom, 495 So.2d 23
(Ala. 1986); Gross v. Lowder Realty Better Homes Gardens,494 So.2d 590 (Ala. 1986).
It is undisputed that Elgin had a contract of insurance with Alfa. Also, "the constitution, bylaws, and regulations of a voluntary association constitute a contract between the association's members which is binding upon each member so long as the bylaws, etc., remain in effect." Scott v. East AlabamaEducation Foundation, Inc., 417 So.2d 572, 573 (Ala. 1982). Therefore, a contractual relationship existed between Elgin and Farm Bureau. There is also no dispute that Farm Bureau and Alfa had knowledge of the relationships.
The only means by which Farm Bureau interfered with Elgin's contractual relationship with Alfa, however, was to terminate his membership, which, under the bylaw *Page 489 
quoted above, it had a right to do. Therefore, the element of absence of justification is missing from this aspect of Elgin's claim against Farm Bureau. Furthermore, the policy itself gave Alfa the right to elect not to renew, so Elgin had no contractual right to renewal.
We hold that the trial court did not err in entering summary judgment in favor of Farm Bureau and Alfa.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.